**AKERMAN LLP**
JOSHUA R. MANDELL (SBN 225269)
Email: joshua.mandell@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

DEAN A. DICKIE (*pro hac vice pending*)
Email: dean.dickie@akerman.com
71 South Wacker Drive, 46th Floor
Chicago, IL 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900

MARK D. PASSLER (*pro hac vice pending*)
Email: mark.passler@akerman.com
PATRICIA M. CARLSON (*pro hac vice pending*)
Email: patti.carlson@akerman.com
777 S. Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

*Attorneys for Plaintiff, Hestan Commercial Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HESTAN COMMERCIAL CORPORATION, a Delaware corporation,<br><br>  Plaintiff<br><br>v.<br><br>JADE RANGE, LLC, a Delaware limited liability company,<br><br>  Defendant. | Case No.<br>**COMPLAINT FOR:**<br>**(1) TRADE DRESS INFRINGEMENT (§ 32 OF THE LANHAM ACT)**<br>**(2) TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, & UNFAIR COMPETITION (§ 43(a) OF THE LANHAM ACT)**<br>**(3) TRADE DRESS INFRINGEMENT & UNFAIR COMPETITION (CALIFORNIA COMMON LAW)**<br>**(4) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE, § 17200, ET. SEQ.)**<br>**DEMAND FOR JURY TRIAL** |

{39946233;2}                                    1
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Hestan Commercial Corporation ("Hestan") states for its Complaint against Defendant Jade Range, LLC ("Jade Range") as follows:

## NATURE OF THE ACTION

1. Plaintiff Hestan seeks injunctive, monetary and other relief against Defendant Jade Range for trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114(a); trade dress infringement, false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); and for related claims under the statutory and common law of the state of California.

2. This case is brought by Hestan to protect its valuable intellectual property rights in its trade dress, including the goodwill it has worked to build.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Hestan is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 3375 E. La Palma Avenue, Anaheim, California.

4. Defendant Jade Range is, and at all times mentioned herein was, a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located at 2650 Orbiter Street, Brea, California.

5. This cause of action arises under sections 1114 and 1125(a) of the Trademark Act of July 5, 1946, as amended (commonly known as the "Lanham Act"), 15 U.S.C. § 1051 et seq.; under the common law of the State of California; and under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

6. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 15 U.S.C. § 1121 et seq., 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. This court has personal jurisdiction over Defendant Jade, which committed tortious acts within the State of California, does business in the State of California, and sells, advertises and promotes its products, including the infringing items, in the State of California and within this judicial district. Venue is proper

within this judicial district under 28 U.S.C. § 1391.

## BACKGROUND FACTS

8.   Hestan designs, markets, sells and distributes cooking and culinary products, including for kitchens and outdoor products, such as, for example, cooking ranges, grills, cooking suites made up of cooking ranges and ovens, and stands and cabinetry specifically adapted therefor (collectively, the "Products").

9.   Hestan made, and continues to make, continuous use of trade dress on the Products that reflect a combination of design elements that include raised oval figures displayed in a basket weave style pattern placed on one or more flat or curved exterior portion of the Products (the "Trade Dress").

10.  Example images of Plaintiff Hestan's Trade Dress, to and in which Plaintiff owns protectable rights, are shown in Exhibit A attached hereto.

11.  Hestan is also the owner of U.S. Trademark Registration No. 5,014,880 for the Trade Dress, issued by the U.S. Patent and Trademark Office on August 2, 2016, on the Supplemental Register (the "Registration").

12.  The Trade Dress as included in the Registration is shown below:



13.  Hestan has performed extensive advertising for, and has sold substantial amounts of, Products bearing the Trade Dress throughout the United States.

14.  Hestan's Trade Dress is non-functional.  For example, the design in the Trade Dress does not serve any functional purpose as it does not make the product

more useful, improve its performance, or make it easier to manufacture or distribute.

15. By virtue of widespread advertising, promotion and use, the Trade Dress has developed secondary meaning and is now widely and favorably known as identifying goods originating from, sponsored by or associated with Hestan. The consuming public now identifies the Trade Dress exclusively with Hestan and with its Products of the highest quality.

16. Through favorable public acceptance and recognition, the Trade Dress constitutes an asset of substantial value as a symbol of Hestan, its quality products and its goodwill.

17. Hestan recently discovered that Defendant Jade Range is marketing, selling and distributing cooking and culinary products having three dimensional design features that include raised oval figures displayed in a basket weave style pattern placed on one or more flat or curved exterior portion of cooking and culinary products (the "Infringing Design").

18. Examples of Jade Range's Infringing Design are shown in <u>Exhibit B</u> attached hereto.

19. Upon information and belief, Jade Range began using the Infringing Design on cooking and culinary products in an effort to capitalize on the goodwill and reputation of Hestan and its Trade Dress and in response to customers expressing a preference for Hestan's Trade Dress.

20. Jade Range's use of the Infringing Design occurred after Hestan's Trade Dress developed secondary meaning.

21. The actions of Jade Range are of a nature likely to deceive and cause confusion regarding the true source, origin, nature, characteristics and qualities of the products advertised, promoted, marketed and sold by Jade Range. Additionally, the actions of Jade Range were and are likely to cause confusion, mistake, and/or to deceive others regarding the affiliation, connection, sponsorship or association of Jade Range with Hestan, with Jade Range's products and with Hestan's products, business

and commercial activities.

22. The manufacture, promotion and sale of Jade Range's cooking and culinary products with the Infringing Design are conducted without Hestan's authorization or consent.

23. Hestan notified Jade Range's that Jade Range's marketing and sale of cooking and culinary products bearing the Infringing Design constitutes an infringement of Jade Range's rights, but Defendant has refused to cease its conduct.

24. Defendant indicated that it would not stop selling the cooking and culinary products.

25. Upon information and belief, Jade Range has continued to promote and sell cooking and culinary products with the Infringing Design without the authorization or consent of Hestan.

26. Hestan has never authorized Jade Range to use Hestan's Trade Dress in connection with any goods.

27. Jade Range has used or plans to use Hestan's Trade Dress wrongfully, willfully, and with the intent to trade on the goodwill associated with Hestan's Trade Dress to the economic detriment of Hestan.

28. On information and belief, Defendant's infringement of Plaintiff's trade dress is willful and deliberate, therefore entitling Plaintiff to enhanced damages and reasonable attorney fees and costs.

29. On information and belief, Defendant intends to continue its unlawful infringing activity, and Plaintiff continues to and will continue to suffer irreparable harm--for which there is no adequate remedy at law--unless Defendant is enjoined by this Court.

## COUNT I

## Trade Dress Infringement

## Under Section 32 Of The Lanham Act (15 U.S.C. § 1114(a)(1))

30. Plaintiff realleges paragraphs 1 through 29 as though they are set forth

fully herein.

31. This is an action under 15 U.S.C. § 1114(1) for federal trade dress infringement.

32. Plaintiff's Trade Dress, for the reasons stated herein, has become distinctive by acquired secondary meaning in the relevant marketplace among the consuming public. Accordingly, the Trade Dress constitutes protectable trade dress.

33. Plaintiff's Trade Dress was and is protectable prior to the Defendant's activities as alleged herein.

34. Defendant's use of the same or confusingly similar product design elements and features as those comprising the Trade Dress is without Plaintiff's authorization or consent.

35. Defendant's use of the same or confusingly similar product design elements and features as those comprising the Trade Dress is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Defendant's products, and is likely to cause confusion, mistake or deception among the consuming public by improperly leading them to believe that Jade Range's products originates from, is associated with, sponsored by, or is otherwise is authorized by Plaintiff, causing damages to Plaintiff and harming Plaintiff's reputation and goodwill.

36. Defendant's activities complained of herein have damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue infringement of Plaintiff's Trade Dress, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

## COUNT II

**Trade Dress Infringement, False Designation Of Origin, & Unfair Competition Under Section 43(a) Of The Lanham Act (15 U.S.C. § 1125(a))**

37. Plaintiff realleges paragraphs 1 through 36 as though they are set forth fully herein.

38. Plaintiff's Trade Dress, for the reasons stated herein, has become distinctive by acquired secondary meaning in the relevant marketplace among the consuming public. Accordingly, the Trade Dress constitutes protectable trade dress.

39. Plaintiff's Trade Dress was and is protectable prior to the Defendant's activities as alleged herein.

40. Defendant's use of the same or confusingly similar product design elements and features as those comprising the Trade Dress is without Plaintiff's authorization or consent.

41. Defendant's use of the same or confusingly similar product design elements and features as those comprising the Trade Dress is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Defendant's products, and is likely to cause confusion, mistake or deception among the consuming public by improperly leading them to believe that Jade Range's products originates from, is associated with, sponsored by, or is otherwise is authorized by Plaintiff, causing damages to Plaintiff and harming Plaintiff's reputation and goodwill.

42. Defendant's activities complained of herein have damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue infringement of Plaintiff's Trade Dress, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

## COUNT III

## Trade Dress Infringement & Unfair Competition

## (California Common Law)

43. Plaintiff realleges paragraphs 1 through 43 as though they are set forth fully herein.

44. Defendant's unauthorized use in commerce of the Infringing Design has caused and is likely to continue to cause consumer confusion, to cause mistake or to deceive customers, in violation of California common law.

45. Such activities by Defendant have been without Plaintiff's consent.

46. Such activities by Defendant were done and continue to be done knowingly, intentionally and willfully.

47. Defendant's activities complained of herein have damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue infringement of Plaintiff's Trade Dress, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

## COUNT IV

### Statutory Unfair Business Practices

### (California Business & Professions Code § 17200 et. seq.)

48. Repeats realleges paragraphs 1 through 47 as though they are set forth fully herein.

49. Defendant's actions complained of herein constitute unfair business practices and unfair competition as defined by California Bus. & Prof. Code, §17200, et seq.

50. This unfair competition includes, but is not limited to the manufacture, offering for sale and/or advertising of Defendant's cooking and culinary products bearing the Infringing Design, and other related acts of unfair competition.

51. Such activities by Defendant have been without Plaintiff's consent.

52. Such activities by Defendant were done and continue to be done recklessly, knowingly, intentionally and willfully.

53. Defendant's activities complained of herein have damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue infringement of Plaintiff's Trade Dress, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

**WHEREFORE**, Plaintiff demands entry of a judgment against the Defendant as follows:

1. An Order adjudging Defendant to have willfully infringed Plaintiff's Trade Dress under 15 U.S.C. § 1114.

2. An Order adjudging Defendant to have willfully infringed Plaintiff's Trade Dress, falsely designed the origin of its goods, and engaged in unfair competition under 15 U.S.C. § 1125(a).

3. An Order adjudging Defendant to have willfully engaged in trademark infringement and unfair competition under California common law.

4. An Order adjudging Defendant to have unfairly competed with Plaintiff under California Business & Professions Code § 17200, et seq.

5. That Defendant accounts for all gains, profits, and advantages derived by Defendant's infringement of the Plaintiff's Trade Dress, false designation of origin, and unfair competition and that Defendant pays to Plaintiff damages suffered by Plaintiff and/or Defendant's total profit from such infringement, including pursuant to 15 U.S.C. § 1117.

6. An Order for trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 15 U.S.C. § 1117.

7. A permanent injunction against Defendant, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concerts or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    a. using the Trade Dress, or any other trade dress that is confusingly similar to the Trade Dress;

    b. manufacturing, using, displaying, distributing, or selling any goods that infringe the Plaintiff's Trade Dress;

    c. falsely designating the origin of the Defendant's goods;

    d. unfairly competing with Plaintiff in any manner whatsoever;

  e. making false or misleading statements, descriptions of fact, or false or misleading representations of fact; and

  f. causing a likelihood of confusion or injuries to Plaintiff's business reputation.

8. That Defendant be required to account to Plaintiff for any and all profits derived by its acts of trade dress infringement, false designation of origin and unfair competition complained of in this Complaint.

9. That Defendant's acts of trade dress infringement, false designation of origin and unfair competition complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that Plaintiff be entitled to enhanced damages.

10. That Plaintiff have and recover the costs of this civil action including reasonable attorneys' fees.

11. An award of pre-judgment and post-judgment interests and costs of this action against Defendant.

12. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Hestan Commercial Corporation hereby demands a trial by jury on all issues so triable.

DATED this 9th day of November, 2016.

          **AKERMAN LLP**

          By: */s/ Joshua R. Mandell*
            Joshua R. Mandell
            Dean A. Dickie (*pro hac vice* pending)
            Mark D. Passler (*pro hac vice* pending)
            Patricia M. Carlson (*pro hac vice* pending)

          *Attorneys for Plaintiff,*
          *Hestan Commercial Corporation*









Ex. A (Hestan's Trade Dress) – Page 14





Ex. B (Jade Range's Infringing Design) – Page 16



Ex. B (Jade Range's Infringing Design) – Page 17



{39963698;1}   Ex. B (Jade Range's Infringing Design) – Page 18



Ex. B (Jade Range's Infringing Design) – Page 19